**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CONSUELO ROSALES SANGUINO, <br><br> Defendant. | No. CR06-4026-MWB <br><br> **DETENTION ORDER** |

This matter came on for detention hearing on March 30, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Consuelo Rosales Sanguino ("Rosales") appeared in person with her attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Dane Wagner.

The court must determine whether any condition or combination of conditions will reasonably assure Rosales's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Rosales as required and the safety of the community if the court finds there is probable cause to believe Rosales committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Rosales. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause

element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates at least three searches have been performed at Rosales's residence, and on each occasion, weapons were found at the residence. The most troubling of these resulted from a letter Rosales sent to a family member while she was in custody in the Woodbury County Jail. In the letter, Rosales told her nephew there were "two you know whats and a toy" buried next to her basement window. She instructed her nephew to dig up the items, sell them, and deliver the proceeds to another person. A search warrant was obtained based on the information in the letter. Upon digging at the stated location, officers located about two ounces of "ice," or pure methamphetamine, and a handgun. In addition, officers have information that suggests Rosales has been supplying drugs to members of a street gang.

Rosales has failed to offer any evidence to rebut the presumption that she would be a danger to the community if released. The presumption arises from the nature of the drug charges against Rosales. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Rosales would be able to refrain from continuing to engage in criminal activities if she were released.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Rosales would be a danger to the community if released. Therefore, the court finds the following:

1. Rosales is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Rosales reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Rosales to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Rosales must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT